ORDERED.

**Dated:  February 18, 2016**

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

DENNIS STRUNK,

      Debtor.

_____/

TERRY E. SMITH, as Chapter 13 Trustee,

      Plaintiff,

vs.

DENNIS STRUNK, BARRY I. DUNN, and
FRANKLIN D. AZAR & ASSOCIATES, P.C.

      Defendants.

_____/

BARRY I. DUNN and
FRANKLIN D. AZAR & ASSOCIATES, P.C.

      Third Party Plaintiffs,

vs.

GARRETT FRIEDMAN, JAY M. WELLER, and
WELLER LEGAL GROUP, INC.

      Third Party Defendants.

_____/

Case No. 8:07-bk-7297-KRM
Chapter 13

Adv. No. 8:13-ap-224-KRM

## MEMORANDUM OPINION AND
## ORDER DENYING THIRD PARTY PLAINTIFFS'
## MOTION FOR RECONSIDERATION AND DENYING
## THIRD PARTY DEFENDANTS' MOTIONS FOR SANCTIONS

The Court dismissed with prejudice (the "Dismissal Order") the third-party complaint filed by Denver attorneys Barry Dunn ("Dunn") and the Denver law firm of Franklin D. Azar & Associates, P.C. (collectively, "Special Counsel") against the debtor's Tampa bankruptcy attorneys Jay M. Weller of the Weller Law Group, Inc. ("Weller"), whom Special Counsel says advised them that the proceeds of a personal injury settlement could be disbursed without court approval. The order dismissing was entered after Special Counsel failed to timely respond to Weller's motion to dismiss. The matter now before the Court is Special Counsel's Motion for Reconsideration and Response in Opposition to the Motion to Dismiss (the "Motion for Reconsideration").[1] Weller responded by filing two Motions for Sanctions the ("Motions for Sanctions").[2] For the reasons stated below, the Court concludes that reconsideration of the Dismissal Order is not warranted and Special Counsel's conduct does not merit sanctions. Accordingly, the three motions will be denied.

## FACTUAL BACKGROUND

The dispute arises out of the wrongful disbursement of settlement proceeds from a personal injury claim that pre-dated the bankruptcy case and was, therefore, property of Debtor's bankruptcy estate. Debtor, Dennis Strunk, received a large portion of the funds, but did not notify the Chapter 13 trustee. He was represented in the personal injury case by Special Counsel.

---

[1] Adv. Doc. No. 30.

[2] Adv. Doc. Nos. 60 and 66. Special Counsel's Response is Adv. Doc. No. 68.

Early in the Chapter 13 case, Weller filed a motion for the bankruptcy estate to employ Special Counsel to prosecute the personal injury claim.[3]  The order appointing Special Counsel (the "Appointment Order") provides that "[c]ompensation [of Dunn] shall be determined later consistent with Section 330 of the Bankruptcy Code."[4]

After confirmation of Debtor's Chapter 13 plan, Special Counsel achieved a settlement which was signed on October 29, 2008.  The settlement proceeds totaled $160,000 (the "Settlement Funds"):  $56,000 of which was retained by Special Counsel for its attorneys' fees; the balance of about $104,000 was disbursed to Debtor.  The Chapter 13 Trustee did not learn of the settlement until July 19, 2012, when it came time to determine that Debtor had made all payments under the plan.  By then, Debtor had expended his share.

The Trustee filed a motion for an order to show cause why Special Counsel should not be held in contempt for violating the Appointment Order.[5]  Special Counsel responded by filing a motion for authority to file a cross claim against Weller and Garrett Friedman, an attorney employed by Weller, seeking to hold them responsible.[6]  Weller and Friedman objected to that motion.[7]  At a hearing on December 11, 2012, the Court denied the motion for cross claim "without prejudice to the parties pursuing an adversary proceeding to adjudicate the matter."[8]

On March 19, 2013, the Chapter 13 Trustee filed a complaint against Special Counsel and Debtor for turnover of the Settlement Funds.  Special Counsel answered and filed a third party

---

[3]  Case No. 8:07-bk-7297-KRM (the "Main Case") Doc. No. 23.  In November 2007, the Court appointed Dunn as special counsel (the "Order Appointing Special Counsel").

[4]  Main Case Doc. No. 25.

[5]  Main Case Doc. No. 63.

[6]  Main Case Doc. No. 84.

[7]  Main Case Doc. Nos. 88, 96.

[8]  Main Case Doc. No. 114.

complaint against Weller and Friedman.[9]   The Court ultimately ordered the disgorgement of $35,000.00 in fees from the $56,000.00 in fees improperly disbursed to, and retained by, Special Counsel without Court approval.[10]   The Court ordered Special Counsel to pay the $35,000 directly to the Chapter 13 Trustee to be disbursed to creditors through the Debtor's Chapter 13 plan.[11]

In the third party complaint, Special Counsel alleges that Friedman, as an employee of Weller, advised Dunn in a telephone conversation that Dunn could disburse the Settlement Funds directly to Debtor.  Weller asserts, in response, that Special Counsel fails to state a legal claim for relief, because even if such a conversation occurred, Weller and Friedman had no legal duty to Special Counsel.

Weller filed a motion to dismiss the third party complaint with prejudice (the "Motion to Dismiss").[12]   Special Counsel did not respond.  At a hearing on July 9, 2013 – some two months after the motion to dismiss was filed – the Court determined that Weller had no duty to Special Counsel; but, Special Counsel did have an independent duty to Debtor, their mutual client, to comply with the Appointment Order and to act in a fiduciary capacity with respect to the assets of the bankruptcy estate. [13]   The Court further determined that Special Counsel had a duty to the Court to act in compliance with the Appointment Order.  The Court granted the Motion to Dismiss, with prejudice.[14]

---

[9]  Adv. Doc. No. 6.

[10]  Main Case Doc. No. 141.

[11]  *Id.*

[12]  Adv. Doc. No. 18.

[13]  Adv. Doc. No. 27 at 9 (tr. pp. 9, lines 3-21).

[14]  Adv. Doc. No. 34.

Less than two weeks after that hearing, Special Counsel filed the Motion for Reconsideration, which is also the root of the sanctions controversy now before the Court.[15] Weller responded, arguing that Special Counsel failed to state a basis for reconsideration and that Special Counsel was restating earlier arguments.[16] After hearing argument, the Court took the matter under advisement and instructed the parties to submit briefs and legal authority on the issue of whether Dunn can assert a tort claim against Weller.[17]

Special Counsel asserts that the alleged phone call between Friedman and Dunn and a letter Dunn sent to Friedman are newly discovered evidence which warrants reconsideration pursuant to Fed. R. Civ. P. Rules 59 and 60.[18] Specifically, Special Counsel advances three arguments:

1. Weller breached an implied contract formed with Special Counsel by providing erroneous legal advice;

2. Weller breached a quasi contract implied in law with Special Counsel by providing erroneous legal advice; and

3. Weller formed an attorney-client relationship with the Special Counsel and was negligent in representing Special Counsel by providing erroneous legal advice.

Shortly after the submission of briefs on the Motion for Reconsideration, Weller filed two motions for sanctions. Weller alleges that Special Counsel has delayed these proceedings and filed motions lacking legal or factual merit. Specifically, Weller alleges:

1. Special Counsel's case notes provide little or no support for his allegation that he disbursed the settlement proceeds to the Debtor on advice from Weller because they do not include a date when the alleged call took place and do not show that any letter memorializing the call was sent to Weller.

---

[15] Adv. Doc. No. 30.

[16] Adv. Doc. No. 31.

[17] Both parties submitted briefs. Adv. Doc. Nos. 55, 56.

[18] Adv. Doc. No. 30.

2.  Special Counsel mischaracterized itself as "a novice in bankruptcy" and "mischaracterized known facts to the Court."

3.  The Motion for Reconsideration and Response to Weller's Motion to Dismiss repeat previous arguments, which are unsupported by case law and lack factual bases; the Motion amounts to "harassment" and has caused unnecessary delay and costs.

<u>ANALYSIS</u>

*Special Counsel's Motion for Reconsideration*

The Motion for Reconsideration was filed within ten days of entry of the Dismissal Order.[19]   Thus, it will be construed as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e).  The Eleventh Circuit has held that the basis for granting a Rule 59(e) motion is "newly discovered evidence or manifest errors of law or fact."[20]   Where a movant has had an opportunity to introduce the same arguments and evidence prior to the issuance of the order at issue, denial of a reconsideration motion is proper.[21]   "Rule 59(e) may not be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'"[22]

---

[19]  The Court's ruling on the Motion to Dismiss was made at the hearing held on July 9, 2013.  However, the Dismissal Order (Adv. Doc. No. 34) was not entered until July 29, 2013.  The Motion for Reconsideration was filed on July 22, 2013.  *See Hatfield v. Board of County Commissioners,* 52 F.3d 858 (10th Cir.1995).

[20]  *Sherrod v. Palm Beach County School Dist.,* 237 Fed. App'x. 423, 424 (11th Cir. 2007) (quoting *Kellogg v. Schreiber* (*In re Kellogg*), 197 F.3d 1116, 1119 (11th Cir. 1999)); *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*).

[21]  *In re Kellogg*, 197 F.3d at 1119.

[22]  *Sherrod*, 237 Fed. Appx. at 425 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also Hardy v. Wood*, 342 Fed. Appx. 441, 446 (11th Cir. 2009) (ruling that a plaintiff's Rule 59(e) motion was properly denied because it "merely reasserted arguments raised in opposition to [the defendant's] summary judgment motion or made new arguments that could have been, but were not, made before summary judgment was entered"); *Innovative Home Health Care, Inc. v. P.T-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (stating "[Rule 59(e)] motions cannot be used to . . . tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

Special Counsel has not asserted any new grounds warranting reconsideration of the Dismissal Order. The telephone call and related letter are not "newly discovered evidence," but were facts alleged in Special Counsel's initial third party complaint.[23] Special Counsel characterizes these facts as newly discovered evidence to raise arguments that could have been made prior to entry of the Dismissal Order. The relief requested by Special Counsel is not available under Rule 59.

Even if the alleged telephone call and letter could be considered as newly discovered evidence, the Court has determined that it would not support the contention of a breach of an alleged duty with respect to the disbursement of the attorney's fees—the proffered evidence speaks only to the disbursement of settlement proceeds to Debtor.[24] Special Counsel is simply re-arguing this point, by asserting that Weller owed it a duty under theories of implied contract, quasi contract, and negligent conduct by an attorney. The Court has already found that "[t]here is no set of circumstances under which the [Special Counsel] will be able to demonstrate a duty between themselves and [Weller]."[25]

The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.[26] Any wrongful act by Weller must have been the proximate cause of the damages caused to Special Counsel.[27] There must be a "natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the

---

[23] *See* Adv. Doc. Nos. 6 and 6-1.

[24] "Moreover, there is no allegation that anything was said by [Defendant] to the [Plaintiff] with respect to the disbursement of fees." Adv. Doc. No. 34 at 3.

[25] Adv. Doc. No. 34 at 4.

[26] *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)).

[27] *See McDonald v. Florida Dep't of Transportation,* 655 So.2d 1164, 1168 (Fla. 4th DCA 1995).

injury would not have occurred."[28]  Here, the record does not support such a finding because the damages asserted by Special Counsel arise largely from its own failure to abide by the Appointment Order.

The advice allegedly provided by Weller to Special Counsel spoke only to the disbursement of settlement proceeds to Debtor; it is not alleged that the disbursement to pay attorney's fees was ever discussed.  The issue of the disbursement of the settlement proceeds to Debtor was addressed separately by the Trustee in her filing of the instant adversary and the resulting settlement agreement between the Debtor and the Trustee.[29]  The damages asserted by Special Counsel are the fees it had to disgorge, resulting from the Court's finding Special Counsel wrongly disbursed funds to pay itself in violation of the Appointment Order.[30]  Thus, the damages suffered by Special Counsel are not attributable to any alleged erroneous advice by Weller.

Finally, no attorney-client relationship was every created between these parties.

[T]he test for determining the existence of this fiduciary relationship is a subjective one and hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice. However, this subjective belief must . . . be a reasonable one.[31]

Special Counsel has experience with bankruptcy proceedings.[32]  Special Counsel never sought advice or otherwise contacted Weller, from the entry of the Appointment Order until the alleged phone call with Friedman in 2008.  This belies Special Counsel's assertion that there

---

[28]  *In re Flagship Healthcare, Inc.,* 269 B.R. 721, 729 (Bankr. S.D. Fla. 2001) (internal citations omitted).

[29]  Adv. Doc. No. 74.

[30]  Main Case Doc. No. 141.

[31]  *The Florida Bar v. Beach*, 675 So. 2d 106, 109 (Fla. 1996).

[32]  Adv. Doc. No. 57.

existed a reasonable subjective belief that an attorney-client relationship had been created between two law firms.  The record reflects the relationship between the parties was one of a common client, not one of attorney and client.  As such, Special Counsel cannot assert a claim of negligence based on an existing attorney-client relationship.

Based on the analysis set forth above, the Court finds that there are no tort claims Special Counsel can assert against Weller.  For this reason, Special Counsel's Motion for Reconsideration will be denied.  The third party complaint stands as dismissed, with prejudice.

_The Motion for Sanctions Pursuant to 28 U.S.C. § 1927_

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[33]  The Eleventh Circuit recognizes three requirements for such sanctions, as discussed in _Amlong & Amlong, P.A. v. Denny's, Inc._:

1. The attorney must have engaged in unreasonable and vexatious conduct, which is conduct so egregious as to be tantamount to bad faith.

2. The attorney's conduct must have multiplied the proceedings.

3. The sanctions awarded may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the conduct.[34]

Bad faith for these purposes is to be determined objectively, based on the attorney's actions.  Negligent conduct alone—that is, conduct that fails to meet the standard of conduct for a reasonable attorney—is not sufficient to find "bad faith."  The movant need not prove the attorney's intent, although his or her state of mind "is frequently an important piece of the

---

[33]  28 U.S.C. § 1927.

[34]  500 F.3d 1230, 1239-42 (11th Cir. 2007).

calculus."[35]    For instance, bad faith does exist where an attorney "knowingly or recklessly pursues a frivolous claim or…needlessly obstruct[s] the litigation of non-frivolous claims."[36]

Section 1927 applies only to conduct after an adversary proceeding has been initiated. The Court will not consider prior behavior — however wrong — to impose sanctions under §1927.  There is a "longstanding rule that the provisions of §1927, being penal in nature, must be strictly construed."[37]  This is a "high standard," that requires a finding of "particularly egregious" conduct.[38]

Weller's allegations regarding Special Counsel do not reach the level of "particularly egregious" conduct.  The facts do not support an objective finding of bad faith.  Special Counsel did not knowingly or recklessly make allegations without any basis in fact or law, in either the third party complaint or in the Motion for Reconsideration.

A dispute over the underlying facts or the need for discovery does not render the Special Counsel's claims to be frivolous.  Whether the phone call with Friedman took place, whether a follow-up letter was sent, and the substance of those alleged communications could be disputed are all issues that may be properly litigated, if this Court could find that Special Counsel had stated a claim under the law.

Weller also alleges that Special Counsel's Motion for Reconsideration improperly sought "to take a second bite of the apple" after the matter was dismissed with prejudice.  Special Counsel's failure to timely respond to Weller's motion to dismiss may have been neglect, or bad form, but it was not bad faith to present argument for the first time in a motion to reconsider.  At

---

[35] *Amlong,* 500 F.3d at 1241.

[36] *Id. at 1242.*

[37] *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).

[38] *Amlong,* 500 F.3d at 1242.

the hearing on October 7, 2013, the Court heard Special Counsel suggest "a different twist" on the facts that the Court had not previously considered.  The parties were given permission to submit additional briefs before the matter was later taken under advisement.  Thus, the Motion for Reconsideration was not duplicative, nor was the additional authority requested by the Court because of the Plaintiff's request for reconsideration an unnecessary delay in the proceedings. For these reasons, the motion for sanctions based on § 1927, will be denied.

_The Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011_

In _In re Mroz_,[39] the Eleventh Circuit panel addressed the standard for "Rule 11" sanctions:  "[s]anctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose."[40]

To determine if the papers are frivolous or legally unreasonable, the court "first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."[41]

For a complaint to be without factual foundation for purposes of this test, there must be "absolutely no evidence to support [the] allegations."[42]  As previously discussed, bad faith may

---

[39]  65 F.3d 1567 (11th Cir. 1995).

[40]  _Id._ at 1572.

[41]  _Worldwide Primates, Inc. v. McGreal_, 87 F.3d 1252, 1254 (11th Cir. 1996).

[42]  _In re Mroz_, 65 F.3d at 1573.

lie where an attorney "knowingly or recklessly pursues a frivolous claim or…needlessly obstruct[s] the litigation of non-frivolous claims."[43]

Weller asserts that sanctions are warranted "because the Motion for Reconsideration relied on inapplicable rules of law and facts contrary to sworn testimony" and was filed in bad faith "and for the improper purpose of causing unnecessary delay and increasing the cost of this litigation." Weller argues "[Special Counsel"] knew, because of this Court's earlier ruling on [Weller's] Motion to Dismiss, that their allegations against [Weller] were frivolous. . . ."[44]

But, the Eleventh Circuit has said, "[a]s we see it, Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."[45] Even though the Court dismissed the third party complaint, with prejudice, that is not equivalent to a finding that the claims were frivolous. As a factual matter, evidence that may be insufficient to succeed at trial may still be sufficient under Rule 9011 to warrant the filing of a complaint.[46] Special Counsel did provide *some* factual support that might have supported a claim for relief if there was a basis to find an attorney client relationship between Weller and Special Counsel.

There is no evidence, on this limited record, to support the allegation that the Motion for Reconsideration was filed in bad faith, that is, with knowing or reckless intent to hinder these proceedings. Therefore, the motion for sanctions based on Bankruptcy Rule 9011 will be denied.

---

[43] *Amlong,* 500 F.3d at 1242. *See also In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008).

[44] Adv. Doc. No. 66.

[45] *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990).

[46] *In re Mroz,* 65 F.3d at 1574.

*Inherent Powers to Issue Sanctions*

The Supreme Court has long recognized that federal courts have the inherent power to regulate the proceedings and parties before them.[47]  There are several "facets" to a court's inherent power.[48]  "The inherent power to sanction is both broader and narrower than [procedural rules] imposing sanctions: '[W]hereas each of the other mechanisms reach only certain individuals or conduct, the inherent power extends to a full range of litigation abuses.'"[49] "Because of their very potency, inherent powers must be exercised with restraint and discretion."[50]   "[This] inherent power should be exercised with caution and its invocation requires a finding of bad faith."[51]

As stated previously, the record before the Court does not support a finding that Special Counsel acted in bad faith.  None of the conduct cited by Weller reaches the level of objective bad faith.  When considering whether to invoke the inherent powers of this Court, the Court must act with "restraint and discretion."  The facts simply do not merit sanctions under that standard, and so, the Court declines to exercise its inherent power to impose sanctions.

## CONCLUSION

Special Counsel had an independent duty to Debtor and to this Court to comply with the Appointment Order.   Additionally, Special Counsel had an independent duty to inform the Chapter 13 Trustee and this Court of the settlement before the settlement proceeds were released

---

[47]  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991).

[48]  *Id.* at 43-44.

[49]  *In re Mroz,* 65 F.3d at 1575 (quoting *Chambers,* 501 U.S. at 46).

[50]  *Chambers*, 501 U.S. at 43-44.

[51]  *Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254, 1257 (11th Cir. 2012).  *See also Chambers,* 501 U.S. at 49.

to Debtor and taken to pay Special Counsel's fees.  Special Counsel has failed to articulate sufficient grounds to warrant relief from the Dismissal Order.  But, Special Counsel's advancing these arguments is neither egregious, nor in bad faith.  So, no sanctions will be imposed.

Accordingly, it is hereby

**ORDERED:**

1.      Third Party Plaintiffs' Motion for Reconsideration and Response in Opposition to the Motion to Dismiss (Adv. Doc. No. 30) is DENIED and the third party complaint will stand as being dismissed with prejudice in accordance with the Order Granting Motion to Dismiss Adversary Proceeding (Adv. Doc. No. 34).

2.      The Motion for Sanctions Under Title 28 § 1927 (Adv. Doc. No. 60) is DENIED.

3.      The Motion for Sanctions Under Rule 9011 (Adv. Doc. No. 66) is DENIED.


Clerk's Office to Serve.